[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' APPLICATION TO CONFIRM ARBITRATION AWARD AND DEFENDANT'S APPLICATION TO VACATE ARBITRATION AWARD
The issue raised by the above applications is whether the arbitration panel correctly interpreted C.G.S. Sec. 38-175c(a)(2) in determining that the purported coverage reduction request was not valid. The panel subsequently awarded damages to both plaintiffs.
The appropriate function of judicial review of his arbitration award is a de novo review of the interpretation and application of the law. American Universal Ins. Co. v. DelGreco,205 Conn. 178, 191 (1987). The facts in this case, presented to the court by a stipulation of the parties, reveal that the coverage reduction request in question was signed by the plaintiff, Mary Aceto, on behalf of the plaintiff, Salvatore Aceto, without knowledge or understanding of its purpose or significance. The arbitrators correctly determined that, under the particular facts of this case, the request, which was not executed purposefully or knowingly, did not comply with C.G.S. Sec. 38-175c(a)(2) and was invalid to reduce the coverage. Nicolletta v. Nationwide Ins. Co., 211 Conn. 640 (1989); Travelers Indemnity Co. v. Malec, 215 Conn. 399 (1990).
Accordingly, the Application to Confirm is granted; the Application to Vacate is denied. Interest at the rate of ten percent per year is awarded from the date of the award, August 28, 1990 pursuant to Conn. Gen. Stat. 37-3a.
BARRY R. SCHALLER, Judge. CT Page 2311